UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| MARTINEZ WARREN, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 1:16CV211 SNLJ |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | |

## MEMORANDUM AND ORDER

Before the Court is movant Martinez Warren's motion to vacate, set aside or correct sentence, brought pursuant to 28 U.S.C. § 2255. Also before the Court is the government's motion to dismiss the motion to vacate, wherein the government argues that movant's motion is successive. Based on the reasoning set forth below, the Court will interpret movant's motion as one for a reduction in sentence and transfer his motion to his criminal case for full briefing.

## Background

On July 21, 2014, movant pled guilty before this Court to the offense of aiding and abetting the burglary of a pharmacy and aiding and abetting the possession with intent to distribute controlled substances. *See United States v. Warren*, No. 1:14CR20 SNLJ (E.D.Mo. 2014). On December 15, 2014, this Court sentenced movant to the Bureau of Prisons for a term of imprisonment of 81 months. *Id.* Movant did not appeal his conviction and sentence.

On May 22, 2015, movant filed his first motion to vacate his sentence in this Court. See Warren v. United States, No. 1:15CV91 SNLJ (E.D.Mo. 2015). On September 10, 2015, the Court denied movant's motion to vacate, and movant immediately sought an application for certificate of appealability from the Eighth Circuit Court of Appeals. *See Warren v. United*

*States*, No. 15-3610 (8th Cir. 2015). The Court of Appeals denied movant's application for certificate of appealability on January 29, 2016.

On December 10, 2015, movant filed a second motion to vacate, asserting he had new evidence to show that his criminal counsel, Jacob Zimmerman, denied him effective assistance of counsel at sentencing. *See Warren v. United States*, No. 1:15CV231 SNLJ (E.D.Mo. 2016). The Court denied and dismissed movant's motion to vacate as successive on January 12, 2016. Movant did not appeal the dismissal of his motion to vacate. *Id.*

**Discussion**

Movant filed the instant motion on August 8, 2016. In his motion, movant requests that the Court apply a new amendment to the United States Sentencing Guidelines, referred to as the "Mitigating Role Amendment," or Amendment 794, which amended the commentary to U.S.S.G. § 3B1.2.[1]

In essence, movant is seeking a sentence reduction through a clarifying amendment to the sentencing guidelines. The only existing authority for the Court to modify movant's sentence comes from Rule 35 of the Federal Rules of Criminal Procedure, or 18 U.S.C. § 3582, which is more properly sought through a motion in reduction in sentence in movant's criminal case. Therefore, the Court will administratively terminate the instant action and it will not be counted as a successive 2255. Movant's motion will be interpreted as a motion for reduction in sentence, pursuant to Rule 35 of the Rules of Criminal Procedure and transferred to his criminal action.

Accordingly,

---

[1] The commentary to Sentencing Guidelines was amended on November 1, 2015, after movant was sentenced, but it is doubtful that the new provisions could be applied to assist in reducing movant's sentence. *See United States v. Waddell*, No. 15-2011, 2016 WL 4087230, *2 n.3 (8th Cir. August 2, 2016) (noting that the commentary was amended on November 1, 2015, but stating that "new provisions that are contrary to circuit precedent are not applicable here"). However, the matter should receive full briefing from the parties in movant's criminal action.

**IT IS HEREBY ORDERED** that this case is **administratively terminated** and will not be considered a successive 2255.

**IT IS FURTHER ORDERED** that a copy of movant's motion shall be transferred to his criminal case, *United States v. Warren*, No. 1:14CR20 SNLJ, and filed as a motion for reduction in sentence, brought pursuant to Rule 35 of the Rules of Criminal Procedure and/or a § 3582 motion. The government shall respond to movant's motion in a reasonable time, as set forth in the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 18th day of August, 2016.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE